<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4987**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

KEVIN JEROME MCHANEY, a/k/a Whoomp Dog,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.   J. Michelle Childs, District Judge.  (8:11-cr-02356-JMC-1)

Submitted:  May 30, 2013          Decided:  June 4, 2013

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Margaret A. Chamberlain, CHAMBERLAIN LAW FIRM, Greenville, South Carolina, for Appellee.   Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Jerome McHaney pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine and twenty-eight grams or more of cocaine base. On appeal, counsel files a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising the following issue: whether the district court erred by imposing a four-level enhancement for McHaney's leadership role in the offense under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(a) (2011). For the reasons that follow, we affirm.

Generally we review a sentence under a deferential abuse-of-discretion standard, Gall v. United States, 552 U.S. 38, 51 (2007), and review sentencing adjustments based on a defendant's role in the offense for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). Under USSG § 3B1.1(a), a four-level increase is warranted if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Here, McHaney stipulated to this enhancement in his plea agreement, which is supported by the factual record.

At sentencing, McHaney benefitted from the Government's motion for a downward departure for substantial assistance, which the district court granted. Thus, McHaney was

sentenced to 180 months of imprisonment, far below his correctly calculated Sentencing Guidelines range of 292-365 months of imprisonment and the statutory minimum sentence of 20 years. We find no reversible error in the district court's application of the USSG § 3B1.1(a) enhancement, especially in light of the stipulation. See United States v. Cameron, 573 F.3d 179, 184 (4th Cir. 2009) (listing factors to be considered for the enhancement); USSG § 3B1.1, cmt. n.4.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.[*] We therefore affirm McHaney's conviction and sentence. This court requires that counsel inform McHaney, in writing, of the right to petition the Supreme Court of the United States for further review. If McHaney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McHaney. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*] Despite notice, McHaney did not file a pro se supplemental brief.

3

materials before this court and argument would not aid the decisional process.

AFFIRMED